UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| NANCY CHAREST | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| ENHANCED RECOVERY | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     INTRODUCTION

1.  This is an action brought under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), NH RSA 358-C, New Hampshire Regulation Of Business Practices For Consumer Protection, NH RSA 358-A, and all applicable common law causes.

### II.     JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.     PARTIES

4.  Plaintiff Nancy Charest is a natural person at all times relevant residing in Carroll County New Hampshire.

5.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6.  Defendant, Enhanced Recovery Company, LLC. ("ERC") is a corporation created under the laws of Florida with a principle office located at 8014 Bayberry Road, Jacksonville, FL 32256 and an agent by the name of Capitol Corporate Services, Inc., 155 Office Plaza DR., Suite A, Tallahassee, FL 32301.

7.  Defendant, ERC is an entity who at all relevant times was engaged, by use of the mails and telephones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

8.  Defendant ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

9.  Plaintiff is a natural person contacted by ERC for the purposes of collecting a debt owed or allegedly owed to another.

10. Defendant ERC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant ERC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

12. Defendant ERC is thoroughly enmeshed in the debt collection business.

13. Defendant placed calls through the use of an auto-dialer.

14. Defendant placed calls through the use of a pre-recorded or artificial voice.

## *V.  CLAIMS FOR RELIEF*

### <u>COUNT I</u>
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(5)

15. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

16. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

17. ERC contacted the Plaintiff through the phones in a repetitive and continuous manner.

18. The number of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

19. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.  Adjudging that Defendant violated 15 U.S.C. §1692d(5);

    b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 USC §1692k;

    d.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e.  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT II</u>
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### §§ 1692c(b) and 1692d

20. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

21. 15 U.S.C. § 1692c(b) prohibits debt collectors from contacting third parties in connection with the collection of any debt.

22. 15 U.S.C. § 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 USC §1692d.

23. Defendant communicated with the Plaintiff regarding a debt owed by a third party.

24. Defendant harassed and oppressed the plaintiff by repeatedly calling after notice that they were calling the wrong number.

25. Defendant was informed that the debt was owed by a third party and not the Plaintiff on or around May 27, 2011.

26. Defendant continued to call the Plaintiff for at least three months regarding the debt despite being informed that Plaintiff was not liable on the debt.

27. During these calls Defendant communicated with Plaintiff about and regarding the debt.

28. No statutory exception applies to these communications.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Defendant violated 15 U.S.C. § 1692c(b) and/or § 1692d.

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action

pursuant to 15 U.S.C. § 1692k;

d.  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e.  Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### §1692g(a)

29. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

30. Written notice containing information that complies with the statutory framework is required to be sent "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt…" 15 U.S.C. § 1692g(a).

31. The required written notice was never sent to the Plaintiff within the time frame provided by statute.

32. The required written notice was never sent to the Plaintiff by the Defendant.

33. Had the required notice been sent, Plainitff could have disputed the debt.

34. Had the required notice been sent, Defendant would have been alerted to their folly.

35. A person receiving collection calls is allegedly obligated to pay a debt.

36. As a matter of public policy and sound statutory construction, the law requires that the statutory notice be sent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

    c.   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k;

    d.   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    e.   Awarding such other and further relief as the Court may deem just and proper.

**<u>COUNT IV</u>**
**<u>VIOLATIONS OF NH RSA 358-C:3(I)(e)</u>**

37. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

38. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

39. It is considered an unfair and unreasonable practice under the act to communicate or attempt  to communicate "[b]y placement of phone calls without disclosure of the name of the individual making the call and the name of the person (as defined in RSA 358-C:1, X) for whom the debt collector is attempting to collect the debt..." RSA 358-C:3(I)(e).

40. The Defendant made numerous phone calls in an attempt to communicate with the debtor.

41. The Defendant made numerous phone calls which failed to disclose the name of the individual making the call.

42. Defendant is therefore liable for statutory damages, costs and fees. See RSA 358-C.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a.   Adjudging that the Defendant violated NH RSA 358-C;

    b.   Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c.   Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as

allowed for by NH RSA 358-C;

d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
### VIOLATIONS OF NH RSA 358-C:3(I)(a)

43. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

44. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

45. It is considered an unfair and unreasonable practice under the act to communicate or threaten to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to abuse, oppress or harass any person at the called number." RSA 358-C:3(I)(a).

46. The Defendant ERC contacted the Plaintiff through the phones in a repetitive and continuous nature.

47. The number of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

48. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

f. Adjudging that the Defendant violated NH RSA 358-C;

g. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

h. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    i.  Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    j.  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATIONS OF NH RSA 358-C:3(IV)
### UNREASONABLE COLLECTION PRACTICES

50. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully stated herein.

51. NH RSA 358-C:3(IV) prohibits debt collectors from communicating or threatening to communicate the fact of a debt to any person except for the person expected to be liable therefore.

52. Defendant communicated with the Plaintiff regarding a debt owed by a third party.

53. Defendant was informed that the debt was owed by a third party on or around May 27, 2011.

54. Defendant continued to call the Plaintiff for at least three months regarding the debt despite being informed that Plaintiff was not liable on the debt.

55. During these calls Defendant communicated with Plaintiff about and regarding the debt.

56. No statutory exception applies to these communications.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a.  Adjudging that Defendant violated NH RSA 358-C;

    b.  Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c.  Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    d.  Awarding the Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and,

e.  Awarding such other and further relief as the Court may deem just and proper.

### <u>COUNT VII</u>
### DEFENDANT VIOLATED NH RSA 358:A *via* NH RSA 358-C

44. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

45. NH RSA 358-C:4(IV) reads as follows: "Any violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 and may be enforced by the attorney general pursuant to RSA 358-A."

46. As described herein, Defendant has violated NH RSA 358-C.

47. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

48. Through violations of NH RSA 358-C Defendant has violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a.  Adjudging that Defendant violated NH RSA 358-A;

b.  Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

c.  Awarding the Plaintiff $3,000 in statutory damages by finding the violation to be willful or knowing;

d.  Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

e.  Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f.  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT VIII</u>
## VIOLATIONS OF RSA 358:A BY EMPLOYING UNFAIR OR DECEPTIVE PRACTICES IN THE CONDUCT OF TRADE OR COMMERCE

49. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

50. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

51. Defendant was at all relevant times herein engaged in trade or commerce within the State.

52. As more fully described herein, Defendant employed an unfair or deceptive act or practice when they made repeated, harassing phone calls to the Plaintiff.

53. Defendant employed an unfair or deceptive act or practice when they made phone calls that communicated the existence of a debt to a third party.

54. As described herein Defendant engaged in unfair or deceptive acts or practices in the collection or attempted collection of a debt.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated NH RSA 358-A;

    b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

    c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

    d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## INVASION OF PRIVACY

55. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

56. Defendant invaded the peace and quiet enjoyment of Plaintiff's home through repeated phone calls to the Plaintiff's phone.

57. Defendant without right or justification intruded upon the seclusion of the Plaintiff.

58. Defendant therefore invaded the privacy of the Plaintiff.

59. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in her favor, and an award of damages.

## COUNT X
## NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

61. Defendants negligently or intentionally inflicted emotional distress on the plaintiff.

62. Defendants, and all people, have an affirmative duty to act as a reasonably prudent person would and this includes a duty to treat the Plaintiff in good faith while following all State and Federal Consumer Protection Laws.

63. Defendants breached such duties in the handling of this alleged collection account, and by their omissions regarding and throughout the collection process.

64. Defendants activities breached the bounds of decent and civilized society.

65. Defendants activities upset the plaintiff and caused mental pain, anguish suffering and other damages.

WHEREFORE, Plaintiff prays for relief, Judgment in her favor, and an award of damages.


**JURY TRIAL REQUESTED**


Dated: July 26, 2013

> Respectfully submitted,
> PLAINTIFF
> Nancy Charest
> By Her Attorneys
>
> /s/ John F. Skinner, III
> Atty. John F. Skinner III
> NHBN: 19886
> Skinner | Rivard Law Offices
> 530 Chestnut Street, 3rd Floor
> Manchester, NH 03101
> Tel: (603) 622-8100
> Fax: (888) 912-1497
> AttorneySkinner@gmail.com